IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JESUS ALVARADO,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br><br><br>Case No. 2:18-cr-265<br><br>Judge Dee Benson |

This matter is before the court on Defendant Jesus Alvarado's appeal of Magistrate Judge Paul M. Warner's April 9, 2020 Order Denying Defendant's Motion for Pretrial Release. The appeal has been fully briefed, and the Court finds that a hearing is not necessary. For the reasons set forth below, the court affirms the magistrate judge's Order Denying Defendant's Motion for Pretrial Release.

**BACKGROUND**

On May 9, 2018, Defendant was charged in a complaint with conspiracy to distribute methamphetamine. (Dkt. 1.) On May 16, 2018, Defendant appeared before the court for a detention hearing. After hearing argument, the magistrate judge ordered that Defendant be detained pending trial, finding that no release condition or conditions would reasonably assure

1

Defendant's future appearance and the safety of any other person and the community. (Dkt. 25, 31.) On May 23, 2018, Defendant was charged in an indictment with multiple counts, including conspiracy to distribute methamphetamine, distribution of methamphetamine, carrying a firearm during and in relation to a drug trafficking crime, and being a narcotics user in possession of a firearm. (Dkt. 62.) Subsequently, on March 31, 2020, Defendant sought review of his detention and moved for pretrial release and home confinement. (Dkt. 154.) Before the magistrate judge, Defendant argued that the COVID-19 pandemic is a changed circumstance meriting the Defendant's release. On April 9, 2020, the magistrate judge denied Defendant's motion. (Dkt. 157.)

## DISCUSSION

Defendant now appeals the magistrate judge's order detaining Defendant pending trial pursuant to 18 U.S.C. § 3145(b), 18 U.S.C. § 3142(i), 3142(f), and DUCrimR 57-16(a). "If a person is ordered detained by a magistrate judge, ... the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b); *see also* DUCrimR 57-16(a) (1) (allowing a party to "seek review of a magistrate judge's order ... detaining a defendant"). When considering an appeal from a magistrate judge's order of detention, the district court conducts a de novo review. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019).

The Bail Reform Act, 18 U.S.C. § 3141 *et seq.*, governs the release or detention of a defendant pending trial. The Act provides that if the judge determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community," the judge "shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). However, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe the person committed ... an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act." *Id.* § 3142(e)(3).

In this appeal, Defendant moves for his temporary release due to the COVID-19 pandemic. Defendant argues that the pandemic warrants his pretrial release for three reasons: (1) pretrial release will protect Defendant's health; (2) pretrial release will protect the health of other inmates and jail employees; and (3) pretrial release is necessary to enable Defendant to prepare an adequate defense.

As concerning as the COVID-19 pandemic is, resolving a motion for revocation of an order of detention must in the first instance be an individualized assessment of the factors identified in the Bail Reform Act. 18 U.S.C. § 3142(g). Those factors include:

    (1)    The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a controlled substance ....;
    (2)    The weight of the evidence against the person;
    (3)    The history and characteristics of the person, including -
        (A)    the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
        (B)    whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release ....
    (4)    the nature and seriousness of the danger to any person or the community that

would be posed by the person's release.

18 U.S.C. § 3142(f).

The court also considers, and the parties have addressed, the additional factors set forth in *United States v. Clark*, 2020WL1446895 (D. Kan. Mar. 25, 2020). These factors, tailored specifically for the purpose of evaluating § 3142(i) motions based on COVID-19, include the following: the specificity of Defendant's stated COVID-19 concerns; the extent to which the proposed release plan is tailored to mitigate or exacerbate other COVID-19 risks to Defendant; and the likelihood that the defendant's proposed release would increase COVID-19 risks to others. *Id.*

Having thoroughly reviewed the matters of record, the court concludes that the magistrate judge's assessment of the Defendant was correct. In support of this conclusion, the court adopts the reasoning of the magistrate judge and makes the following findings in supplement to or in emphasis of the magistrate judge's findings.

Given the nature of the charges against Defendant, there is a presumption that Defendant should be detained. 18 U.S.C. § 3142(e)(3). Although a defendant may rebut this presumption, the Court finds that Defendant has failed to rebut the presumption in this case. With respect to the nature and circumstances of the offense charged, the court notes that Defendant was charged with conspiracy to distribute methamphetamine, possession and distribution of methamphetamine, carrying a firearm during and in relation to a drug trafficking crime and unlawful possession of a firearm by a narcotics user. Defendant and his co-defendants were distributing large amounts of methamphetamine, a very dangerous drug, to the community. The

distribution of methamphetamine combined with the unlawful use and possession of firearms are serious offenses that cause devastating and long-lasting harm to the community.

Additionally, the evidence in this case is strong. It includes a lengthy wiretap investigation and "controlled buys" of narcotics and firearms by an informant with audio/video recording and surveillance. Although the Defendant is relatively young and his criminal history is not particularly significant, Defendant's alleged actions pose a serious and significant danger to society.

With regard to Defendant's physical characteristics and the circumstances surrounding the COVID-19 pandemic, the court is unconvinced that the risk to Defendant warrants his release in this case. Defendant does not have COVID-19 nor does he allege that he has been exposed any individual with COVID-19. Rather, Defendant relies solely on the possibility of becoming infected. Although Defendant claims to have a health condition that puts him at increased risk of complications should he become infected, Defendant has not provided the court with any information from a health care provider to substantiate his claim. Moreover, Defendant does not contend that he has not been provided with proper medical care and attention at his facility; or, if he should contract COVID-19, that adequate medical care and treatment would not be available to him at his facility.

Defendant's allegations are too speculative to serve as a basis for relief. As Defendant readily admits, there are currently no known cases of COVID-19 at the facility where Defendant resides, and the United States proffers that it is not aware of any COVID-19 cases at any of the local partner jails. The fact that a prisoner may face increased risks by virtue of confined

quarters does not establish that a COVID-19 outbreak is imminent at a facility or that the facility would not be able to manage the medical needs of inmates who may contract the virus. Even non-confined individuals who are practicing appropriate mitigation efforts are still contracting the virus. Consequently, a growing number of courts have rejected these types of generalized and speculative arguments on motions seeking release based on COVID-19 because they "apply equally to anyone in custody or, for that matter, at the halfway house or anywhere else in this community or other." *United States v. Duncan*, 2020WL1700355 (D. Kan. April 8, 2020) (listing cases). Moreover, comprehensive precautionary measures have been instituted by the Bureau of Prisons, the U.S. Marshals Service, and the local jail facilities. The detention facilities used by the U.S. Marshals Service in Utah have implemented enhanced screening based on the CDC guidelines and are taking precautionary steps protect inmates from COVID-19 and mitigate the risk of infection.

Defendant's argument that location monitoring technology is sufficient to protect the community and provide assurance against Defendant's flight overlooks the fact that the ability to supervise and monitor defendants is also compromised during this pandemic. Location monitoring is not a limitless resource, nor is its installation and monitoring by United States Pretrial Services officers without risk to those personnel. Pretrial Service Officers are limited in their abilities to vet proposed residences and meet proposed third-party custodians. Releasing Defendant under the current conditions would place additional risk and undue burden on probation and pretrial services.

Finally, the court is unpersuaded by Defendant's argument that the pandemic has created

circumstances such that he is unable to adequately prepare his defense for trial. The difficulties Defendant is facing are shared by the majority of inmates that are currently incarcerated. "The Court is unwilling to countenance an argument that would effectively "open the doors" of a detention facility." *United States v. Zamorano*, Slip Copy, 2020WL2512839 ( (D. Colo. May 15, 2020). Defendant can continue to prepare for his defense through access to discovery, as well as through telephone, mail, and email communications with counsel. Moreover, all criminal cases have been continued pursuant to General Order 20-010. Thus, there will be time for in-person visits at the jail when that option becomes available.

Although the court recognizes the seriousness of COVID-19, Defendant has failed to satisfy the court that there is a compelling reason sufficient to warrant his temporary release. Given the nature of Defendant's charges and having conducted an individualized assessment of the factors set forth in 18 USC § 3142(g), the court finds that Defendant's speculative concerns do not outweigh the court's original detention decision.

## CONCLUSION

For the reasons given, the court AFFIRMS Magistrate Judge Warner's April 9, 2020 Order Denying Defendant's Motion for Review of Detention.

DATED this 26th day of May, 2020.

_____
Dee Benson
United States District Judge